Matthew H. Sontz, Esq.
Law Office of Matthew H. Sontz, LLC
220 St. Paul St.
Westfield, NJ 07090
(908) 389-1330
mhs@sontzlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| TRACY R. VENUS (Individually and as parent on behalf of disabled child, K.V.) and K.V. (Minor),<br><br>  Plaintiffs,<br><br>v.<br><br>POLIZE, INC. d/b/a SOMERSET DINER and GOLNA, INC., d/b/a SOMERSET DINER<br><br>  Defendant. | Case No. 3:16-cv-00679-MAS-LHG |

FIRST AMENDED COMPLAINT
(Injunctive Relief Demanded)

1. Plaintiffs, Tracy R. Venus, an individual and parent of disabled child, K.V.) and K.V., a disabled minor, on their behalf and on behalf of all other individuals similarly situated, hereby file this Complaint against the Defendant, Polize, Inc. d/b/a Somerset Diner, a New Jersey corporation, for Injunctive Relief, Attorney's Fees, Litigation Expenses, and Costs pursuant to the Americans with Disability Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD").

PARTIES

2. Plaintiff Tracy R. Venus is an individual residing at 25 Park Lane within Franklin Township,

1

    County of Somerset, New Jersey.

3.     Plaintiff K.V. is an individual who is a minor child who resides at 25 Park Lane within Franklin Township, County of Somerset, New Jersey.

4.     Defendant Polize, Inc. d/b/a Somerset Diner is a New Jersey corporation with a principal place of business located at 1045 Easton Avenue in Somerset, New Jersey that operates a diner known as the Somerset Diner.

5.     Defendant Golna, Inc. is a New Jersey corporation with a principal place of business located at 1045 Easton Avenue in Somerset, New Jersey that operates a diner known as the Somerset Diner.

## JURISDICTION AND VENUE

6.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over the actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA").

7.     Pursuant to 28 U.S.C. §2201 and 28 U.S.C. § 2202, this Court has jurisdiction to provide declaratory and further relief as requested by Plaintiffs or as deemed just and proper by the Court.

8.     Pursuant to 28 U.S.C. §1391, venue is properly located within this District and vicinage because the Defendant resides and conducts business within this District and vicinage.

9.     Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction over the actions which arise from the Defendant's violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD"), because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

GENERAL ALLEGATIONS

10. Plaintiff Tracy R. Venus is the widowed mother and legal guardian of her handicapped daughter K.V. who is presently 16 years of age.

11. Plaintiff K.V. is a minor child prematurely born with several disabilities, including but not limited to: a) cerebral palsy in her lower extremities, b) seizure disorder, c) developmental delays, and d) visual impairment, thereby requiring continuing adult assistance and care from her mother or others.

12. Said physical and development conditions confine K.V. to a non-motorized handicapped adaptable stroller for mobility outside of her residence.

13. K.V. is registered as a disabled person having a New Jersey placard ID issued to her by the State of New Jersey which allows K.V. to legally park in designated handicapped parking areas when traveling in Ms. Venus' car or any other car K.V. travels in.

14. Ms. Venus necessarily assists K.V. in moving about outside of their residence.

15. Defendant operates the Somerset Diner which is a restaurant.

16. The Somerset Diner is a place of public accommodation.

17. Plaintiffs have been customers of the Somerset Diner in the past.

18. Plaintiffs residence is approximately 10 or less miles from the Somerset Diner.

19. Plaintiffs frequently travel in the vicinity of the Somerset Diner because the Somerset Diner is along the route from Plaintiffs' home to Route 287. Also, the diner is in close proximity to the annual "Trick or Suite" Halloween event in Piscataway that takes place off of Route 287. It is a convenient location for having breakfast with family.

20. Plaintiffs intend to be customers at the Somerset Diner in the future especially if the Somerset Diner become more accessible as required by the ADA, NJLAD, and their

applicable regulations.

21. Defendant is responsible for ensuring that the Somerset Diner complies with the ADA, NJLAD, and their applicable regulations.

22. The Somerset Diner fails to comply with the ADA, NJLAD and applicable regulations because there exists, among other things, physical, architectural, and/or structural barriers to Plaintiff's use.

23. The noncompliance with the ADA, NJLAD, and applicable regulations includes but is not necessarily limited to the following:

Exterior Ramp

a. The existing exterior ramp's intermediate landing does not provide the required 5 foot diameter turning radius as required by Section 4.8.4 of 28 C.F.R. Part 35, App. A, (Rev. July 1994);

b. The existing exterior ramp exceeds the maximum permitted slope and cross-slope of 1:50 as required by Section 4.6.3 of 28 C.F.R. Part 36, App. A, Sect. 4.6.3 (Rev. July 1994) and 1:45 as required by Section 4.8.6 of ANSI A117.1-1992, respectively;

c. The exterior ramp's bottom landing length does not have the minimum required 60 inch length as required by Section 4.8.4(2) of 28 C.F.R. Part 36, App. A, (Rev. July 1994) and Section 4.8.4 of ANSI A117.1-1992, respectively;

d. The exterior ramp's handrail fails to properly transition to a horizontal run parallel to the non-compliant intermediate landing at the ramp's switchback as required by Section 4.8.5(1) and (2) of 28 C.F.R. Part 36, App. A, (Rev. July 1994) and Section 4.3.10.3 of ANSI A117.1-1992, respectively;

e. The exterior ramp's handrail failed to provide the required 12 inch extension past the ramp's bottom landing and at its top landing at the outer handrail. The outer handrail did not continue past the top landing, parallel to the landing surface, but continued at the same slope as that of the ramp in violation of Section 4.8.5 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.3.11.1 of ANSI A117.1-1992, respectively;

f. The exterior ramp along the outside and inside edge does not contain a raised curb. Without such a curb edge, the handrail is required to provide vertical guard rails to protect the ramp's edge which is about 5 inches from the handrail's vertical posts. Along the ramp's inside edge, contiguous with the building's facade, the handrail fails to provide the required edge

protection where the existing building projects into the ramp's width at several locations approximately 24 inches in depth in violation of Section 4.8.7 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.8.7 of ANSI A117.1-1992, respectively;

Parking lot/handicap parking spaces

g.  The required accessible route from the parking lot's handicap accessible parking spaces to the exterior ramp exceeds the maximum permitted slope and cross-slope in all directions of 1:50 and 1:48 as required by Section 4.6.3 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.3.6 of ANSI A117.1-1992, respectively;

h.  The handicap parking spaces do not have the required handicapped accessible parking signage required by Section 4.6.4 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.6.2 of ANSI A117.1-1992, respectively;
Men's bathroom

i.  In the men's bathroom, the counter type double sinks exceed the maximum permitted height in violation of Section 4.19.2 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.20.2.1 of ANSI A117.1-1992, respectively;

j.  The inside approach to the lavatories and handicap stall do not provide the required 60 inch diameter turning radius for wheelchair maneuvering to the toilet stall as required by Section 4.2.3 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.2.3 of ANSI A117.1-1992, respectively;

k.  The handicap stall's door swings inward and the water closet's height is not between 17 and 19 inches contrary to Section 4.16.3 and 4.17.3 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and 4.17.3 and 4.18.3.1 of ANSI A117.1-1992, respectively;

l.  The handicap stall's door hardware is not compliant and does not provide an easy grasp to the latching mechanism as required by Section 4.17.5 and 4.13.9 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.2.3 and 4.13.9 of ANSI A117.1-1992, respectively;

m.  The bathroom signage to the handicap accessible bathroom was not compliant regarding mounting location and signage type as required by Section 4.30 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.28 of ANSI A117.1-1992, respectively;

Women's bathroom

n.  The bathroom signage to the women's handicap accessible bathroom was not compliant regarding mounting location and signage type as required by Section 4.30 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.28 of ANSI A117.1-1992, respectively;

Dining Room

    o. The active clothes storage area contiguous with the handicap bathrooms was not compliant because the clothes rod height exceeded the maximum permitted height of 54 inches above the finished floor as required by Section 4.25.3 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.23.3 of ANSI A117.1-1992, respectively;

    p. The sales counter height exceeds the maximum permitted height as required by Section 7.2 of 28 C.F.R. Part 36, App. A (Rev. July 1994) and Section 4.31.4 of ANSI A117.1-1992, respectively.

24. The condition of Defendant's property is in violation of the ADA, NJLAD, and their applicable regulations.

25. This lawsuit is necessary to compel Defendant to comply with the ADA, NJLAD, and their applicable regulations.

26. Plaintiffs require inspection of the Somerset Diner's interior and exterior in order to discover, measure, and photograph all potential violations of the ADA, NJLAD, and their applicable regulations.

27. Defendant was and is required to remove the existing physical, architectural, and/or structural barriers.

28. Defendant has and continues to discriminate against Plaintiffs in violation of the ADA, NJLAD, and their applicable regulations by denying Plaintiffs equal access and use of the Somerset Diner.

29. Plaintiffs have retainer the undersigned counsel and are entitled to recover attorney's fees, costs, and litigation expenses including but not limited to the costs associated with Plaintiffs' architect.

30. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

31. This Court has authority pursuant to the ADA, NJLAD, and their applicable regulations to grant Injunctive Relief to the Plaintiffs and order the Defendant to alter, adjust, rebuild, etc, the Somerset Diner to comply with the ADA, NJLAD, and their applicable regulations.

WHEREFORE Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that the Defendant at the commencement of this lawsuit is in violation of the ADA, NJLAD, and their regulations;

b. The Court issue injunctive relief against the Defendant ordering the Defendant to make all alterations to the Somerset Diner as required by the ADA, NJLAD, and their regulations;

c. The Court award compensatory damages in accordance with the NJLAD;

d. The Court award attorneys' fees including fee enhancements, costs, and litigation expenses including expert fees in accordance with the ADA, NJLAD, and their regulations; and

e. The Court award such further relief as it deems just and proper.

## JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Plaintiff hereby demands a trial by jury and designates Matthew H. Sontz, Esq. as trial counsel.

Law Office of Matthew H. Sontz, LLC
Attorney for Plaintiffs

    s/ Matthew H. Sontz
Matthew H. Sontz
Law Office of Matthew H. Sontz, LLC
220 St. Paul St.
Westfield, NJ 07090
(908) 389-1330