**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

TRACY R. VENUS, et al.,

        Plaintiffs,

v.

POLIZE, INC. et al.,

        Defendants.

Civil Action No. 16-679 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on two motions. Plaintiff Tracy R. Venus, individually and as parent on behalf of disabled child, K.V. (collectively "Plaintiffs"), move for default judgment against Golna, Inc. ("Golna") and Polize, Inc. ("Polize") (collectively "Defendants"). (ECF No. 15.) In addition, Golna moves to vacate and set aside the Clerk's entry of default. (ECF No. 17.) Plaintiffs filed a response to Golna's motion. (ECF No. 18.) Polize has not filed an Answer to the Complaint, any responsive motion, or opposition to the instant motion. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Golna's motion to vacate the Clerk's entry of default is granted. Accordingly, Plaintiffs' motion for default judgment against Golna is denied. Finally, Plaintiffs' motion for default judgment against Polize is granted.

**I.    Background**

This matter involves alleged noncompliance with the Americans with Disability Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A.

§ 10:5-1, *et. seq.* ("NJLAD"). Plaintiffs allege that the Somerset Diner, owned and operated by Defendants, fails to comply with applicable ADA and NJLAD regulations related to the diner's: (1) exterior ramp; (2) parking lot and handicap parking spaces; (3) bathrooms; and (4) dining room. (Am. Compl. ¶¶ 21-23, ECF No. 9.) Plaintiffs seek: (1) a declaratory judgment of violation of ADA and NJLAD regulations; (2) injunctive relief requiring Defendants to make alterations to the diner as required by the ADA and NJLAD; (3) compensatory damages in accordance with the NJLAD; and (4) attorneys' fees. (*Id.* at 7.)

On January 19, 2017, Plaintiffs served the Amended Complaint on Defendants. (Pls.' Request to Enter Default, Certification of Matthew H. Sontz ¶¶ 3-4, ECF No. 13; Pls.' Return of Service 5, ECF No. 13.) On March 10, 2017, after Defendants' time to answer had expired, Venus filed for entry of default against Defendants, which the Clerk granted. (ECF No. 13.) Plaintiffs subsequently moved for default judgment (Pls.' Mot., ECF No. 15-1) and Golna moved to set aside the Clerk's default (Golna's Mot., ECF No. 17-1).

## II. Legal Standard

Motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a), (c).

### A. Motion to Vacate Default

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate default is left to the sound discretion of the district court. When deciding whether to vacate default, the court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in*

*U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656.

**B.    Motion for Default Judgment**

Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 16-3572, 2017 WL 3668946, at *4 (3d Cir. Aug. 25, 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc.*, 543 F. Supp. 2d at 365. "A consequence to the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted).

If the initial requirements are met, then the Court must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195). Federal Rule of Civil Procedure 55(b)(2)(B) specifies that "the court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages" owed to a party after entry of default judgment." Fed. R. Civ. P. 55(b)(2)(B). Damages, however, may be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009).

3

## III. Discussion

### A. Golna's Motion to Vacate Clerk's Entry of Default

Golna argues that the Court should vacate the Clerk's entry of default because: (1) Golna's current counsel was not formally retained until March 2016, prior to which Golna was seeking to have its insurance provider cover the defense of this action; (2) Plaintiffs' counsel agreed to vacate the Clerk's entry of default contingent on reimbursement of Plaintiffs' service of process fee, which Golna paid; and (3) Golna has meritorious defenses. (Golna's Mot. ¶¶ 3-8, ECF 17-1.)

With respect to the first Rule 55(c) factor, there is nothing in the record to support a claim of prejudice against Plaintiffs. This factor, accordingly, weighs in favor of vacating the Clerk's entry of default. As to the second Rule 55(c) factor, Golna raised several defenses in its proposed Answer submitted in support of its motion to vacate. Specifically, Golna's proposed Answer asserts that: (1) Plaintiffs have not suffered any actual injuries; (2) the violations alleged are *de minimis*; (3) the existing facility was able to reasonably accommodate Plaintiffs' use of the restaurant; and (4) some or all of the claims raised are precluded by applicable statutes of limitation. (Golna's Proposed Ans. to Pls.' First Am. Compl. 6-7, ECF No. 17-6.)

Assertion of a meritorious defense "is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal quotation marks omitted). On a motion to vacate default, however, "the Court 'need not decide the legal issue . . . [and] it is sufficient that [defendants'] proffered defense is not facially unmeritorious.'" *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)). Here, the Court is satisfied that Golna's defenses are not facially

4

unmeritorious. The Court, therefore, finds that Golna has asserted sufficient defenses such that this factor weighs in favor of vacating the Clerk's entry of default.

The third factor also weighs in favor of vacating the Clerk's entry of default. Plaintiffs allege that Golna has "proceeded on a course of conduct to induce delay." (Pls.' Mot. 7.) The Court agrees that Plaintiffs' efforts to move forward with this litigation were frustrated by Golna's termination of its counsel and subsequent delay in retaining current counsel while purportedly investigating insurance coverage. (Pls.' Mot. Ex. O, ECF 15-8; Ex. T, ECF 15-9.) Nevertheless, "[i]n this context[,] culpable conduct means actions taken willfully or in bad faith." *Gross*, 700 F.2d at 123-24 (citing *Feliciano*, 691 F.2d at 657). While the delay in contact between counsel was regrettable, the Court finds that it was not willful or in bad faith.

Based on a consideration of the above factors, the Court will grant Golna's motion to vacate the Clerk's entry of default. The Court denies Plaintiffs' request for counsel fees.[1] The Court also denies Plaintiffs' motion for default judgment as to Golna.

### B. Plaintiffs' Motion for Default Judgment against Polize

#### 1. Jurisdiction

Plaintiffs bring this claim under Title III of the American with Disabilities Act, 42 U.S.C. §12181 *et seq*. The Court, therefore, exercises original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C §1343. Additionally, the Court exercises supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to Plaintiffs' NJLAD claims. The Court, accordingly, has subject matter jurisdiction in this matter.

---

[1] Counsel for Golna is on notice that Defendant must comply with the Federal Rules of Civil Procedure and the District Court of New Jersey's Local Civil Rules moving forward.

With respect to personal jurisdiction, Plaintiffs' Amended Complaint alleges that "Polize, Inc., d/b/a Somerset Diner is a New Jersey corporation with a principal place of business located at 1045 Easton Avenue in Somerset, New Jersey." (Am. Compl. ¶ 4.) Federal Rule of Civil Procedure 4(h) provides that a domestic corporation must be served:

> (1) In a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the individual defendant[.]

Fed. R. Civ. P. 4(h)(1)(A), (B). Here, Plaintiffs' Return of Service provides that Plaintiffs personally served Polize's managing agent on January 19, 2017. (Pls.' Return of Service 5.) Plaintiffs, therefore, have established personal jurisdiction over Polize.

### 2. Legitimate Cause of Action

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by a person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a); *Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003).

The Somerset Diner is a place of public accommodation owned and operated by Defendants. (Am. Compl. ¶ 4.) Plaintiffs allege a series of structural violations that deny equal access to disabled persons, rendering the Somerset Diner noncompliant with the ADA and request injunctive relief and damages. (*Id.* ¶¶ 23, 28.) The Court finds that the Amended Complaint states a legitimate cause of action.

6

### 3. Chamberlain Factors

#### a. Prejudice to Plaintiffs if Default is Denied

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *5 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016)). Here, Polize failed to respond in any way and thus, Plaintiffs will suffer prejudice if default is denied. The first *Chamerlain* factor weighs in favor of entering a default judgment against Polize.

#### b. Whether Defendants Have Litigable Defense

"A . . . defense[] will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, Defendants failed to raise any defenses for the Court's consideration because Defendants failed to respond. *Vo*, 2016 WL 475313, at *7 (noting that "the Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (stating that "because [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). Thus, the second *Chamberlain* factor indicates that a default judgment is warranted.

#### c. Whether Defendants' Delay is Due to Culpable Conduct

In considering whether a default was the result of a defendant's culpable conduct, the Court asks, "whether [he or she] acted willfully or in bad faith." *Feliciano*, 691 F.2d at 657. Here, Venus served Polize with the Amended Complaint on January 19, 2017. (Return of Service 5.) Polize

failed to respond with any filing or submission to the Court. While Defendants' inaction "may not necessarily reflect bad faith, at the very least, reflects willful conduct." *DiPiazza*, 2016 WL 7015625, at *5. The final *Chamberlain* factor, therefore, weighs in favor of the Court's entry of a default judgment.

IV.  <u>Conclusion</u>

For the reasons set forth above: (1) Golna's motion to vacate the Clerk's entry of default is granted; (2) Plaintiffs' motion for default judgment against Golna is denied; and (3) Plaintiffs' motion for default judgment against Polize is granted. The Court denies Plaintiffs' request for attorneys' fees. Finally, based on the Court's inherent powers to control the matters on its docket, the Court finds good cause to defer consideration of the appropriate remedies as to Polize until the conclusion of the matter against Golna. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 28, 2017