Matthew H. Sontz, Esq. (01308-2003)
Law Office of Matthew H. Sontz, LLC
220 St. Paul St.
Westfield, NJ 07090
(908) 389-1330
mhs@sontzlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

TRACY R. VENUS (Individually and as parent on behalf of disabled child, K.V.) and K.V. (Minor),

    Plaintiffs,

v.

POLIZE, INC. d/b/a SOMERSET DINER, et al

    Defendants.

Case No. 3:16-cv-679-MAS-LHG

**CONSENT DECREE**

## RECITALS

1. WHEREAS the Plaintiff, Tracy R. Venus on behalf of disabled child, K.V., and K.V., a minor, commenced this action by filing the complaint herein;

2. WHEREAS the Defendant, Golna, LLC owner of a property known as Somerset Diner, filed an answer to the complaint denying liability;

3. WHEREAS the parties having been represented by the attorneys whose names appear hereafter; and

4. WHEREAS the parties having agreed to compromise and settle this lawsuit based upon the terms and conditions set forth below;

1

NOW THEREFORE, in consideration of the above recitals and mutual promises and covenants herein contained, the sufficiency of which is acknowledged, the Parties agree as follows:

5. Defendant Golna, LLC hereby agrees to perform the following:

   a. Make the women's bathroom ADA and LAD compliant in the following aspects:

      i. Floor mounted toilet seat height shall be raised from 16 3/8 in. to 17 in.-19 in. above the finished floor;

      ii. Toilet's flush valve control shall be located on the wide side of the toilet area (it is currently mounted on the non-wide side);

      iii. Vanity sink counter surface shall be no higher than 34 in. above the finished floor;

      iv. The women's bathroom signage shall be mounted on the latch side of the door. The height shall be 60 in. above the finish floor to the centerline of the sign.

   b. Make both of the interior vestibule doors power operated;

   c. Make the ramp ADA and LAD compliant;

   d. Make the existing handicap parking stalls ADA and LAD compliant, which includes increasing the number of such stalls from two (2) to four (4) in the same location without changing the levelness of the pavement between the parking stalls and the ramp.

6. All alterations, repairs, modifications, and the like required by this Consent Decree shall be completed within two (2) years of the date this Stipulation is filed.

7. All alterations, repairs, modifications, and the like shall be implemented in accordance with the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA"), the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq. ("LAD"), and the corresponding regulations that are in effect as of the date this Consent Decree is filed with the Court.

8. The parties agree that any delays in making the alterations, repairs, modifications, and the like as provided pursuant to this Consent Decree, caused by third parties, including but not limited to construction contractors, or government building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates contained herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

9. Upon completion of the above referenced work, Defendant shall notify Plaintiff.

a. Defendant may provide an engineer and/or architect's certification of compliance with the ADA and LAD. In such case, any verification performed by Plaintiff shall be at Plaintiff's own attorneys' fees, cost and expense, including expert fees, unless Plaintiff finds a material deficiency in said certification. If plaintiff asserts such deficiency, the parties shall proceed in accordance with part (c) below.

b. If Defendant does not provide an engineer and/or architect's certification of compliance with the ADA and LAD, then Plaintiff's verification of the work shall be at Plaintiff's cost and expense in an amount not to exceed $2,500. In the event the parties cannot agree on attorneys' fees, costs and expense, including expert fees, then the parties shall resolve said dispute via motion practice. In the event of a material deficiency asserted by plaintiff, the parties shall then proceed in accordance with part (c) below. (c)

3

c.  In the event of a material deficiency asserted by plaintiff, the parties and their representatives shall promptly meet, confer and attempt to resolve the asserted deficiency. If the parties agree that a material deficiency exists, then Plaintiff shall be entitled to reasonable fees and costs including expert fees. If the deficiency is not resolved and plaintiff obtains a court order establishing said deficiency and/or directing remediation thereof, then Defendant shall reimburse Plaintiff for costs and expenses, including expert fees. If defendant prevails on such an application, defendant shall be entitled to recover its reasonable costs and attorneys' fees from plaintiff.

10. Defendant shall pay Plaintiff's counsel for Plaintiff's attorneys' fees, litigation expenses and costs incurred in this matter through the date of this Stipulation, including all expert fees and costs, in the amount of Fifteen Thousand, Five Hundred Dollars ($15,500.00) within 30 days of the filing of this Consent Decree.

11. In any action to enforce this Consent Decree, the prevailing party shall be entitled to recover reasonable attorney's fees, costs, and expert fees incurred in such enforcement; provided, however neither party shall claim any fees or costs incurred prior to the within Consent Decree.

12. When all issues are resolved between the parties, the parties shall sign and file a Stipulation of Dismissal with Prejudice as to all claims.

13. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

14. Upon full compliance with the terms and conditions of this Consent Decree, Plaintiff and Defendant hereby release and discharge each other from any and all claims and

causes of action which they have or had, known or unknown, that were or could have been brought against each other herein.

15. The parties acknowledge and agree that they have been represented by independent legal counsel of its choice with respect to the negotiations which preceded the execution of this Consent Decree and that this Consent Decree has been executed after consultation with such independent legal counsel.

16. No terms, conditions, or provisions of this Consent Decree shall be interpreted for or against any party due to that party or its attorneys drafting the terms, conditions, or provisions.

17. This Consent Decree may be signed by parties in two or more identical counterparts each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

18. This Consent Decree shall be governed by the laws of the United States of America and the State of New Jersey.

In WITNESS WHEREOF, the Parties hereto have executed this Consent Decree as of last date set forth below.

| Plaintiff Tracy Venus on behalf of K.V. and K.V., a minor, | Defendant Golna, LLC t/a Somerset Diner |
|---|---|
| By: _____<br>Tracy Venus | By: _____<br>Name: Dimitrios Koloniaris<br>Title: Owner |
| Dated: 1-23, 2019 | Dated: 01/17, 2019 |

5